UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANDREW R. LOPEZ, | ) | 1:10-cv—00721-SMS-HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING THE PETITION |
| | ) | WITHOUT PREJUDICE FOR FAILURE TO |
| | ) | EXHAUST STATE REMEDIES (Doc. 1) |
| v. | ) | |
| | ) | ORDER DENYING PETITIONER'S |
| ARNOLD SCHWARZENNEGER, | ) | REQUESTS FOR STAY, AMENDMENT, AND |
| GOVERNOR, | ) | INJUNCTIVE RELIEF (Doc. 2) |
| | ) | |
| Respondent. | ) | ORDER DECLINING TO ISSUE A |
| | ) | CERTIFICATE OF APPEALABILITY |
| | | |
| | | ORDER DIRECTING THE CLERK TO CLOSE THE CASE AND TO SEND A CIVIL RIGHTS COMPLAINT FORM TO PETITIONER |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on May 7, 2010 (doc. 4). Pending before the Court are Petitioner's petition for writ of

habeas corpus and a motion for stay pending state exhaustion filed on April 26, 2010.

I. Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

II. <u>The Petition</u>

Petitioner complains of a loss of ninety days of credit, and a later denial of parole on December 7, 2009, resulting from a prison disciplinary proceeding conducted in Petitioner's absence on or about May 15, 2009. (Pet. 1, 11-12.) Petitioner seeks dismissal of the findings and expungement of the disciplinary record.

Although Petitioner's immediate custodian would be an appropriate respondent, Petitioner names the governor of California as the respondent. Such a defect is curable. However, because of other, incurable defects in the petition, the Court does not address Petitioner's failure to name a proper respondent in this screening order.

III. <u>Claims concerning Conditions of Confinement</u>

A federal court may only grant a state prisoner's petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement. <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991) (quoting <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 485 (1973)); Advisory committee notes to Rule 1 of the Rules Governing Section 2254 Cases, 1976 adoption.

In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. <u>McCarthy v. Bronson</u>, 500 U.S. 136, 141-42 (1991); <u>Preiser</u>, 411 U.S. at 499; <u>Badea</u>, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing

Section 2254 Cases, 1976 Adoption.

In this case, Petitioner alleges that staff at the jail failed to provide him with medical treatment.  It is not clear to what extent Petitioner seeks to remedy this failure in this habeas proceeding.  However, to the extent that Petitioner is challenging his medical care, he challenges the conditions of his confinement.  Petitioner is not entitled to habeas corpus relief concerning his conditions of confinement, and this petition must be dismissed insofar as Petitioner seeks habeas relief for prison conditions.

Further, Petitioner alleges generally that no other petitions or applications have been filed in state court, unspecified prison officials are impeding his access to copying services and envelopes needed to submit a petition to state courts, and Petitioner lacks the ability to submit a state petition.  (Pet. 2-3.)  These allegations relate to conditions of confinement and not the legality or duration of Petitioner's confinement, and thus they must be dismissed.

Should Petitioner wish to pursue his claims concerning prison conditions, he must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.  The Clerk will be directed to send an appropriate form complaint to Petitioner.

    IV.  <u>Failure to Exhaust State Court Remedies</u>

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  <u>Coleman</u>

4

v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be

5

> alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7... (1982)), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, see, e.g., Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d at 865.
> ...
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).

Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478,

1  481 (9th Cir. 2001).  The authority of a court to hold a mixed
2  petition in abeyance pending exhaustion of the unexhausted claims
3  has not been extended to petitions that contain no exhausted
4  claims.  Raspberry, 448 F.3d at 1154.
5       In this case, Petitioner does not allege that he has
6  exhausted state court remedies.  Further, as previously noted,
7  Petitioner complains generally that prison officials are impeding
8  his ability to submit a state petition, and he affirmatively
9  requests a stay in order to permit him to perfect his efforts to
10 exhaust his claims in state court.  Finally, he admits that he
11 has not exhausted his grounds due to unspecified "impediments."
12 (Pet. 5, 3.)
13      The Court thus concludes that in view of Petitioner's
14 admission that he has not exhausted his claims in the state
15 courts, the petition is unexhausted and must be dismissed insofar
16 as the petition concerns the prison disciplinary proceedings and
17 findings and any denial of parole.  28 U.S.C. § 2254(b)(1).
18      V. Petitioner's Motion for a Stay and Injunctive Relief
19      At the time he filed his petition, Petitioner filed a
20 request for a stay of the petition pending exhaustion in the
21 state courts, and permission to file an amended petition upon
22 completing exhaustion.  (Request, doc. 2, 1:6-12, 2:8-14.)
23      Petitioner also requests the Court to order unspecified
24 prison officials to allow him access to the law library and its
25 services, such as copying documents and providing envelopes,
26 which Petitioner alleges that R. Rosenthal, senior librarian, is
27 obstructing.  (Id. at 2:16-26.)
28 ///

7

A.  <u>Motion for a Stay</u>

Petitioner seeks a stay of his completely unexhausted federal petition.

Petitioner may be seeking a stay pursuant to <u>Rhines v. Weber</u>, 544 U.S. 269, 278 (2005), where it was held that a federal district court may stay a habeas petition containing a mixture of exhausted and unexhausted claims to allow a petitioner to present unexhausted claims to the state court if 1) the petitioner has good cause for the failure to exhaust, 2) the unexhausted claims are meritorious, and 3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

However, the Court cannot proceed pursuant to <u>Rhines</u> where the petition contains not a mixture of exhausted and unexhausted claims, but rather contains only unexhausted claims. <u>Rhines</u> applies to stays of mixed petitions. <u>Jackson v. Roe</u>, 425 F.3d 654, 659-661 (9th Cir. 2005). Where a petition is fully unexhausted, the stay and abeyance procedure discussed in <u>Rhines</u> does not apply; rather, dismissal of the entire petition is required. <u>Rasberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006).

Further, the fully unexhausted petition before the Court is not a "protective" petition as discussed in <u>Pace v. Diguglielmo</u>, 544 U.S. 408, 416 (2005). The Court's ruling in <u>Pace</u> was premised on the fact that the petition was "mixed," not completely unexhausted.

The Court will not consider staying the petition pursuant to <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003) because there is no petition before the Court containing fully exhausted claims.

8

1  See, King v. Ryan, 564 F.3d 1133, 1134-35 (9th Cir. 2009).
2       Because the petition contains only claims that are
3  unexhausted, a stay is unavailable under Rhines or Kelly.
4  Therefore, the request for a stay will be denied, and the
5  petition will be dismissed on the ground that it is completely
6  unexhausted.
7       Because the petition will be dismissed, Petitioner's request
8  to amend the petition upon exhausting the claims raised in the
9  petition will be denied as moot.
10      The Court further notes that with respect to Petitioner's
11 generalized allegations of restricted access to services related
12 to exhausting his administrative remedies, Petitioner will be
13 able to set forth specific facts concerning any specific
14 instances of restricted access in a civil rights complaint.

    B.   Request for Injunctive Relief

16      Insofar as Petitioner asks the Court to direct prison
17 officials' actions, Petitioner is seeking injunctive relief.
18      As previously noted, it is established that a federal court
19 may only grant a petition for writ of habeas corpus if the
20 petitioner can show that "he is in custody in violation of the
21 Constitution or laws or treaties of the United States."  28
22 U.S.C. § 2254(a).  A habeas corpus petition is the correct method
23 for a prisoner to challenge the legality or duration of his
24 confinement, but not to challenge the conditions of his
25 confinement.
26      In the request for relief with respect to Petitioner's
27 access to the library and related services, Petitioner seeks to
28 challenge the conditions of his confinement, and not the legality

or duration of his confinement. Thus, these particular claims are cognizable in a civil rights action rather than a petition for writ of habeas corpus.

Accordingly, Petitioner's motion for injunctive relief will be denied.

## VI. Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to a court of appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id.

It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Habeas Rule 11(a).

Here, because Petitioner's claims are unexhausted or relate only to conditions of confinement, jurists of reason would not find it debatable whether the Court was correct in its ruling. Accordingly, Petitioner has not made a substantial showing of the denial of a constitutional right, and the Court declines to issue a certificate of appealability.

VI. Disposition

Accordingly, it is ORDERED that:

1) Insofar as the petition for writ of habeas corpus seeks relief from conditions of confinement, including but not limited to Petitioner's medical care and access to the library and other services in his institution of confinement, the petition is DISMISSED without prejudice to Petitioner's right to file a civil rights action pursuant to 28 U.S.C. § 1983; and

2) Petitioner's requests for a stay, for leave to file an amended petition after exhausting his claims concerning disciplinary proceedings and findings and the denial of parole, and for injunctive relief are DENIED; and

3) Insofar as the petition for writ of habeas corpus seeks relief with respect to prison disciplinary proceedings and findings and denial of parole, the petition for writ of habeas

1  corpus is DISMISSED without prejudice for lack of exhaustion of
2  state court remedies; and
3       4) The Court DECLINES to issue a certificate of
4  appealability;  and
5       5)  The Clerk is DIRECTED to mail to Petitioner a form for
6  filing a civil rights complaint pursuant to 42 U.S.C. § 1983 by a
7  person in custody; and
8       6) The Clerk is DIRECTED to close the case because this
9  order terminates the action.

IT IS SO ORDERED.

**Dated:     July 20, 2010**               /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE